DISSENTING OPINION BY
JUDGE McCullough
I respectfully dissent because I do not believe that the provider reimbursement rate information submitted by Highmark, Inc. (Highmark) was requested by the Insurance Department (Department). Hence, this information should not be deemed confidential under section 309(c) of the Accident and Health Filing Reform Act (Reform Act), Act of December 18, 1996, P.L. 1066, as amended, 40 P.S. § 3801.309(c),[1] and thereby exempt from public disclosure *497 under section 305(a)(3) of the Right-to-Know Law (RTKL).[2]
As the Majority aptly notes, section 6329(a) of the Professional Health Services Plan Corporations Act (HPCA), 40 Pa.C.S. § 6329(a), originally required the Departs ment’s approval of the following: all rates charged to subscribers; contracts between a professional health service corporation and its subscribers; all methods and rates of payment by such corporation to health service doctors; all acquisition costs in procuring subscribers; the reserves to be maintained by such corporation; and all contracts entered into by such corporation that extend for more than a year or which call for the expenditure of any amount in excess of 20% of the corporation’s reserves. However, section 5101(b) of the Reform Act, 40 P.S. § 3801.5101(b), partially repealed section 6329(a) of the HPCA insofar as it required'Department approval of rates and contracts. As the Majority notes, Highmark referred to this repeal as a shift from an approval requirement to a simpler file and use requirement.
As Highmark itself recognized in its brief, prior to the enactment of the Reform Act, the affirmative approval required by section 6329(a) of the HPCA proceeded in the manner set forth in section 6329(b), 40 Pa.C.S. § 6329(b). (Highmark brief at 33.) Highmark correctly noted that in partially repealing section 6329(a) of the HPCA insofar as it relates to the approval of rates and contracts, the General Assembly intentionally did not modify section 6329(b) because there are categories of information provided in section 6329(a) that do not relate to rates and contracts, such as all costs in procuring subscribers and the reserves to be maintained by the professional health service corporation, which still require affirmative approval by the Department. Id. Highmark acknowledged that, by removing the approval requirement from section 6329(a) of the HPCA, but leaving the language of the section intact, the General Assembly has made clear that the procedure under section 6329(b) of the HPCA is no longer applicable with respect to rates and contracts and that the file and use framework of the Reform Act replaced the need for affirmative approval.[3] Id. at 33-34.
Moreover, while section 309 of the Reform Act does require insurers to file provider contracts and states that such contracts shall be reviewed by the Department, section 309(c) specifically provides, in pertinent part, that “[pjrovider contracts filed under this section need not contain payment rates and fees unless requested by the department.” 40 P.S. § 3801.309(c) (emphasis added). Given that these payment rates and fees no longer require approval under section 6329 of the HPCA, it follows that such information is no longer required by the Department. Hence, as the provider reimbursement rate information was not requested by the Department, Highmark cannot take advantage of the confidential status afforded by section 309(c) of the Reform Act.
Nevertheless, given Highmark’s legitimate belief that it was still required to submit this information to the Department and the fact that this appears to be a novel issue regarding the interplay between see *498 tion 5101(b) of the Reform Act and section 6329(a) of the HPCA, I would grant High-mark’s request to supplement the record regarding its claim that the requested information “constitutes or reveals a trade secret or confidential proprietary information” under section 708(b)(ll) of the RTKL, 65 P.S. § 67.708(b)(ll), but remand to the Office of Open Records to first consider this new evidence. ■

. Section 309(c) of the Reform Act provides as follows:
Provider contracts filed under this section need not contain payment rates and fees unless requested by the department. Payment rates and fees requested by the department shall be given confidential treatment, are not subject to subpoena and may not be made public by the department, except that the payment rates and fee information may be disclosed to the insurance department of another state or to a law enforcement official of this State or any other state or agency of the Federal Government at any time so long as the agency or office receiving the information agrees in writing to hold it confidential and in a manner consistent with this chapter.
40 P.S. § 3801.309(c).

. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.305(a)(3). This section exempts from disclosure any record that "is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.” Id.

. Indeed, section 5102(3) of the Reform Act provides that "[t]his act shall apply to all forms or rate filings made and all provider contracts filed after February 17, 1997.” 40 P.S. § 3801.5102(3).